**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>Future Legends 3, LLC,<br><br>Debtor. | Bankruptcy Case No. 26-15667-TBM<br>Chapter 11 |

# ORDER TO SHOW CAUSE WHY BANKRUPTCY CASE SHOULD NOT BE DISMISSED FOR FAILURE OF DEBTOR TO RETAIN DISINTERESTED BANKRUPTCY COUNSEL

THIS MATTER comes before the Court *sua sponte*. On July 27, 2026, Future Legends, LLC and six affiliated entities (Future Legends 1, LLC; Future Legends 2, LLC; Future Legends 3, LLC; Future Legends 4, LLC; Future Legends 5, LLC; and Future Legends 6, LLC) (together, the "Debtors") filed for protection under Chapter 11 of the Bankruptcy Code in seven separate bankruptcy cases in the Central District of California. (Docket No. 1.) Each of the Petitions was signed by "Jeff Katofsky" ("Mr. Katofsky") as "Managing Member." Furthermore, on each of the Petitions, Mr. Katofsky listed himself as the sole attorney for the Debtors. Mr. Katofsky provided certain additional information: "Jeff Katofsky, Katofsky Law, 4558 sherman oaks ave , SHERMAN OAKS" and E-mail address: jeff@katofskylaw.com. Mr. Katofsky identified himself as licensed to practice law in California (Bar Number 138773). And, Mr. Katofsky executed each of the Petitions for each of the Debtors as the sole attorney for the Debtors.

Subsequently, on July 28, 2026, United States Bankruptcy Judge Victoria S. Kaufman issued an "Order Transferring Bankruptcy Case from Central District of California, San Fernando Valley Division to District to Colorado" in each of the Debtors' seven separate bankruptcy cases. Accordingly, the seven related bankruptcy cases of the Debtors are now pending in this Court as:

*In re Future Legends, LLC,* Case No. 26-15664 (Bankr. D. Colo.)

*In re Future Legends 1, LLC,* Case No. 26-15665 (Bankr. D. Colo.)

*In re Future Legends 2, LLC,* Case No. 26-15666 (Bankr. D. Colo.)

*In re Future Legends 3, LLC,* Case No. 26-15667 (Bankr. D. Colo.)

*In re Future Legends 4, LLC,* Case No. 26-15668 (Bankr. D. Colo.)

*In re Future Legends 5, LLC,* Case No. 26-15669 (Bankr. D. Colo.)

*In re Future Legends 6, LLC,* Case No. 26-15670 (Bankr. D. Colo.)

(together, the "Bankruptcy Cases.") The Bankruptcy Cases are separate cases which have not been joined administratively.

The Bankruptcy Cases have now been pending for almost a month. Mr. Katofsky is the only attorney who has entered his appearance on behalf of the Debtors. Mr. Katofsky has filed dozens of documents in the Bankruptcy Cases on behalf of the Debtors as their purported legal counsel including: petitions; addenda to petitions; motions; emergency motions; lists of witnesses and exhibits; statements; responses; some schedules; statements of financial affairs; and equity security holder lists.

Notwithstanding, Mr. Katofsky has not submitted an application for employment under 11 U.S.C. § 327 in any of the Bankruptcy Cases. That statute provides:

> (a) Except as otherwise provided in this section, the trustee [the Debtors], with the court's approval, may employ one or more attorneys . . ., that do not represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Per 11 U.S.C. § 101(14), the term "disinterested person" means a person that:

> (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within two years before the date of the filing of a petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

Mr. Katofsky has not provided a written disinterestedness declaration nor disclosed potential conflicts of interest in representing all of the Debtors. *See also* Fed. R. Bankr. P. 2014 and L.B.R. 2014-1. Nevertheless, Mr. Katofsky continues to assert himself as counsel for the Debtors.

Recently, some of Mr. Katofsky's connections (and the connections of his family) with the Debtors have come to light. In *In re Future Legends, LLC*, Case No. 26-15664 (Bankr. D. Colo.), Mr. Katofsky filed an Equity Holder List showing that the "Katofsky Family Trust" owns 68.45% of Future Legends, LLC. Casey Katofsky and Jake Katofsky are also members of Future Legends, LLC. In the recently-filed Statement of

Financial Affairs of Future Legends, LLC, Mr. Katofsky disclosed that he made multiple significant "loans" to Future Legends, LLC during the 90 days prior to the Petition Date. So, Mr. Katofsky appears to be a creditor of Future Legends, LLC. As disclosed at a hearing on a Motion for Relief from Stay conducted on August 20, 2026, Mr. Katofsky also appears to be a guarantor of the debt of certain of the Debtors and a co-defendant in multiple lawsuits against certain of the Debtors.

At the August 20, 2026 hearing, Mr. Katofsky also stated or acknowledged as follows:

- "I'm not a bankruptcy lawyer. I am a lawyer. I've been a lawyer for close to four decades. I am a civil trial lawyer, but I am not a bankruptcy lawyer. I'm not even sure I'm qualified."

- "So, we were left in a position of having to scramble, which we have been doing, to find competent counsel to be before you in these matters. I do not believe that I am that. I'm also a key witness." (Mr. Katofsky also presented a proffer of his own testimony at the hearing).

- "Your Honor, to try to put maybe your mind at a little bit of ease, if I can, I have no intention of seeking employment because, quite frankly, you shouldn't grant it."

- "We have located Counsel. We are in final discussions, with two very prominent firms here in Colorado. I know that, because he asked me to do so, and he told me he did, Mr. Pankow of the Brownstein firm did call Mr. Miller, I believe on Tuesday, told him that, he believed he would be in the case in the next couple of days, and asked if this matter could be moved to the next available court date, either next week or the following week."

Based on the foregoing, it appears that Mr. Katofsky cannot continue to represent the Debtors given his multiple competing roles, interests, and/or conflicts of interest and his likely role as a witness throughout all contested issues in the Bankruptcy Cases.

L.B.R. 9010-1(e) states:

> No corporation, partnership, or unincorporated organization, or entity may file a petition under Chapter 11 of the United States Code, or otherwise appear in cases or proceedings before this Court, unless it is represented by an attorney authorized to practice in this Court.

Based upon the incomplete information provided by the Debtors and Mr. Katofsky so far (for example, none of the Debtors have filed Schedule E/F disclosing their unsecured creditors), it appears that the Debtors and Mr. Katofsky are proceeding in violation of the letter and/or spirit of 11 U.S.C. §§ 101(14) and 327, Fed. R. Bankr. P.

2014-1, L.B.R. 2014-1, and L.B.R. 9010-1(e) since the Debtors are required to be represented by legal counsel. But no disinterested attorney has entered an appearance and submitted an application for employment for the Debtors. Mr. Katofsky is the only lawyer for the Debtors; and he does not appear disinterested. It appears that: Mr. Katofsky is a "Manager" and/or "Managing Member" of each of the Debtors; Mr. Katofsky is a creditor (of at least Future Legends, LLC); Mr. Katofsky is an insider of the Debtors; and Mr. Katofsky and/or his family or a related trust are majority equity security holders of Future Legends, LLC which itself is the only equity security holder of all of the other Debtors.

Accordingly, on or before **August 31, 2026**, Mr. Katofsky and the Debtors shall show cause why the Bankruptcy Cases should not be summarily dismissed under 11 U.S.C. 1112, L.B.R. 9010-1(e), and otherwise for failure of the Debtors to secure employment of a disinterested attorney pursuant to 11 U.S.C. §§ 101(14) and 327, Fed. R. Bankr. P. 2014-1, and L.B.R. 2014-1. If Mr. Katofsky contends that he is a disinterested attorney capable of representing the Debtors, he shall immediately submit a declaration of disinterestedness (under oath) under 11 U.S.C. §§ 101(14) and 327, Fed. R. Bankr. P. 2014-1, and L.B.R. 2014-1 establishing the facts showing his disinterestedness and addressing each of the issues noted by the Court above. Such declaration of disinterestedness, if any, shall be accompanied by a legal brief (Complete with citation to governing statutes, rules, and case law) analyzing whether Mr. Katofsky is disinterested under 11 U.S.C. §§ 101(14) and 327, Fed. R. Bankr. P. 2014-1, and L.B.R. 2014-1. **Unless a disinterested attorney has entered an appearance for each of the Debtors and filed an application for employment on or before August 31, 2026 (which date is more than a month after the Bankruptcy Cases were filed and transferred to this Court), all of the Bankruptcy Cases will be dismissed.**

DATED this 24th day of August, 2026.

BY THE COURT:

Thomas B. McNamara

Thomas B. McNamara,
United States Bankruptcy Judge